# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| MARY A. ALBIA,<br><br>        Plaintiff,<br>v.<br><br>FIRSTCOLLECT, INC.,<br><br>        Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. This is an action for actual and statutory damages brought by Plaintiff, Mary A. Albia, an individual consumer, against Defendant, FirstCollect, Inc., for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1337 and pursuant to 15 U.S.C. § 1692k(d). Declaratory relief is available pursuant to 28 U.S.C. § §2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the alleged conduct occurred here.

## PARTIES

3. Plaintiff, Mary A. Albia, is a natural person who resides in the Town of Clayton, County of Kent, State of Delaware, and is a "consumer" as defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

4. Defendant, FirstCollect, Inc. (hereinafter "Defendant"), is a Delaware corporation and a collection agency operating and collecting consumer debt in Delaware with a primary place of business in Lewes, Delaware, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. In or around 2011-2013, Plaintiff incurred financial obligations that were primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a personal debt with Hart to Heart Ambulance Service for personal medical transportation on several occasions in the approximate amount of $4,322.58.

6. Sometime thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

7. By correspondence dated May18, 2016, Defendant mailed a collection letter to Plaintiff demanding payment of a debt in the amount of $8,541.97. The Summary of Accounts on the correspondence however lists the amount

owed as $4,850.78. This correspondence is deceptive as the alleged amounts due and the letter can be read to have two or more different meanings as at least one of the amounts alleged as due is inaccurate. This letter was a "communication" in an attempt to collect a debt as defined by 15 U.S.C. § 1692a(2). A copy of the May 19, 2016 letter to Plaintiff is attached hereto as Exhibit "A".

8. Exhibit "A" was received by Ms. Albia at her residence in Clayton, Delaware.

9. The alleged debt of Ms. Albia was incurred for personal, family, or household services, i.e., medical transportation.

10  Exhibit "A" also includes collection charges which were not specifically authorized by Plaintiff's agreements with Hart to Heart Services for medical transportation services, and the collection charges listed in the Summary of Accounts are in the total amount of $528.20.

11. Exhibit "A" also includes additional collection charges in the event of partial payments by Plaintiff which were also not specifically authorized by Plaintiff's contracts with Hart to Heart Services, the partial payment amount to be charged is $4.00 for each payment received.

12. Plaintiff is paralyzed from below the neck as a result of debilitating multiple sclerosis and as a result of Defendant's acts alleged above, Plaintiff has

suffered an exacerbation of her symptoms, including, but not limited to, headaches, aggravation, and embarrassment.

13. The above-described collection communication sent to Plaintiff by Defendant was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692f, amongst others.

## TRIAL BY JURY

14. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)  By alleging that Plaintiff owes a debt to Defendant in two different amounts, of which one amount is incorrect, Defendant's communication is deceptive and a false representation of the character and amount of the debt in violation of 15 U.S.C. § 1692e (2)(A).

(b)  By alleging that Plaintiff owes a debt to Defendant in two different amounts (at least one of which is incorrect), Defendant's communication is deceptive and Defendant has used false representations and deceptive means to collect and attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

(c)  By attempting to assess collection charges that are not specifically and expressly authorized by Plaintiff's agreement with Hart to Heart Ambulance Service, which created the debt, Defendant has used unfair and unconscionable means to collect this debt from Plaintiff in violation of 15 U.S.C. § 1692f(1).

20.  As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

E.  For such other and further relief as the Court may deem just and proper.

 

Respectfully submitted,

Dated: November 11, 2016

**THE LAW OFFICE OF
WILLIAM F. JAWORSKI**

By: **/s/ William F. Jaworski, Jr.**
William F. Jaworski, Jr. Esquire
DE Attorney I.D.#3013
1274 S. Governors Avenue
Dover, DE 19904
Telephone: (302) 730-8511
Facsimile: (302) 730-8510
Wjaworski@wfjlaw.com

**Attorney for Plaintiff**